UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN ABELARDO LOPEZ, | ) | 1:11-cv-01305-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING SUCCESSIVE |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS PURSUANT TO 28 U.S.C. § |
| | ) | 2244(b) |
| | ) | |
| RAUL LOPEZ, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGEMENT AND CLOSE |
| Respondent. | ) | FILE |
| | ) | |
| | | ORDER DECLINING TO ISSUE A |
| | | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes on August 19, 2011. (Doc. 9).

In the petition filed on June 23, 2011, Petitioner challenges his 2007 conviction in the Tulare County Superior Court for murder (Cal. Pen. Code § 187(a)). Petitioner was sentenced to a prison term of twenty-five years to life. (Doc. 1, p. 1). In his petition, Petitioner raises the following claims: (1) ineffective assistance of trial counsel; (2) insufficient evidence to convict Petitioner of first degree murder; (3) prosecutorial misconduct in misleading the jury; and (4) due process violation resulting from the use of hearsay and perjured evidence at trial. (Doc. 1, pp. 4-41).

A review of the Court's own docket and files shows Petitioner has previously sought habeas relief with respect to this same conviction.[1]   In case no. 1:11-cv-00437-SMS HC, the first amended petition raised four grounds for relief; (1) "ineffective assistance of counsel at trial–hearsay"; (2) "governmental officials failure to preserve vital evidence (forensic)"; (3) "prosecution mis-conduct and the use of hearsay testimonies to convict"; and (4) "misleading of jury at trial."  (Doc. 9, case no. 1:11-cv-00437-SMS).  The Court dismissed the entire first amended petition for failure to state a cognizable habeas corpus claim on May 17, 2011.  Judgment was entered on the same date.  The Court's records does not indicate that Petitioner appealed the dismissal to the United States Court of Appeals for the Ninth Circuit.

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.  Second and Successive Petition.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the

---

[1] The Court takes judicial notice of the docket and files in case no. 1:11-cv-00437-SMS HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth Circuit. Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit *before* he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Here, although Petitioner's claims are not clearly expressed, it appears that Petitioner is raising essentially the same claims as in the prior federal petition; thus, the Court lacks jurisdiction and must dismiss the petition. To the extent that any of the claims in the instant petition vary slightly from the claims in the prior petition, Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file these "new" claims in this successive petition attacking his 2007, Tulare County conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336

(2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention
>     complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, it is HEREBY ORDERED as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for lack of subject-matter jurisdiction;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **August 25, 2011**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE